# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3437-22

NEW JERSEY DIVISION
OF CHILD PROTECTION
AND PERMANENCY,

    Plaintiff-Respondent,

v.

E.K.,

    Defendant,

and

C.D.,

    Defendant-Appellant.

_____

IN THE MATTER OF THE
GUARDIANSHIP OF K.L.D.,
a minor.

_____

Submitted April 9, 2024 – Decided April 16, 2024

Before Judges Gooden Brown and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Ocean County, Docket No. FG-15-0014-22.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Louis W. Skinner, Designated Counsel, on the briefs).

Matthew J. Platkin, Attorney General, attorney for respondent (Sara M. Gregory, Assistant Attorney General, of counsel; Lisa J. Rusciano, Deputy Attorney General, on the brief).

Jennifer Nicole Sellitti, Public Defender, Law Guardian, attorney for minor (Meredith Alexis Pollock, Deputy Public Defender, of counsel; Melissa R. Vance, Assistant Deputy Public Defender, of counsel and on the brief).

PER CURIAM

Defendant C.D.[1] is the biological father of K.L.D., born in June 2020. Defendant appeals from the June 22, 2023 judgment of guardianship terminating his parental rights to the child.[2] Defendant contends the Division of Child Protection and Permanency (Division) failed to prove each prong of N.J.S.A.

---

[1] We refer to the parties and the child by initials to protect their privacy. R. 1:38-3(d)(12).

[2] E.K., who is K.L.D.'s biological mother, voluntarily surrendered her parental rights to K.L.D. to the child's resource parent on February 1, 2023.

A-3437-22

30:4C-15.1(a) by clear and convincing evidence. The Law Guardian supports the termination on appeal as it did before the trial court.

Based on our review of the record and applicable law, we are satisfied that the evidence in favor of the guardianship petition overwhelmingly supports the decision to terminate defendant's parental rights. Accordingly, we affirm substantially for the reasons set forth by Judge Deborah Hanlon-Schron in her thorough oral decision rendered on June 22, 2023.

We will not recite in detail the history of the Division's interactions with defendant and K.L.D. Instead, we incorporate by reference the factual findings and legal conclusions contained in Judge Hanlon-Schron's decision. We add the following brief comments.

The guardianship petition was tried before Judge Hanlon-Schron over the course of four days. The Division presented overwhelming evidence of defendant's parental unfitness and established, by clear and convincing evidence, all four statutory prongs outlined in N.J.S.A. 30:4C-15.1(a). In her thoughtful opinion, Judge Hanlon-Schron concluded that termination of defendant's parental rights was in the child's best interests, and fully explained the basis for each of her determinations. In this appeal, our review of the judge's decision is limited. We defer to her expertise as a Family Court judge, <u>Cesare</u>

v. Cesare, 154 N.J. 394, 413 (1998), and we are bound by her factual findings so long as they are supported by sufficient credible evidence. N.J. Div. of Youth & Fam. Servs. v. M.M., 189 N.J. 261, 279 (2007) (citing In re Guardianship of J.T., 269 N.J. Super. 172, 188 (App. Div. 1993)).

Applying these principles, we conclude that Judge Hanlon-Schron's factual findings are fully supported by the record and, in light of those facts, her legal conclusions are unassailable. We have duly considered, and reject, defendant's arguments that his parental rights were terminated because of his poverty and other inappropriate factors, and that the Division failed to offer him reasonable services or consider kinship legal guardianship as an alternative. To the contrary, the trial judge relied on appropriate considerations, including the Division's repeated efforts to provide services and K.L.D.'s need for permanency.

David Brandwein, Psy.D., an expert psychologist, diagnosed defendant with an unspecified bipolar and related disorder, a moderate cannabis use disorder, and adult antisocial behavior.[3] Brandwein opined that these conditions, coupled with defendant's refusal to engage in services, prevented

---

[3] Defendant did not call any experts to rebut Brandwein's testimony.

A-3437-22

defendant from serving as an independent caregiver for K.L.D. Brandwein explained:

> [Defendant] is a poor candidate to provide his child permanency in the foreseeable future. The Division has provided services to [defendant], which [defendant] has not fully complied with and has not fully benefitted from. And . . . I don't see that changing [for six] months, [twelve] months, [eighteen] months, [twenty-four] months, I don't see that changing.
>
> Unfortunately, you know, for [K.L.D.], his understanding of time is not our understanding of time. [Seventeen] or [eighteen] months probably isn't a long time for us, but for a child, it's glacial time. So, you know, to keep [K.L.D.] in limbo when there's already a pattern of behavior that's been observed and documented, that's not best for [K.L.D.]

Children are entitled to a permanent, safe and secure home. We acknowledge "the need for permanency of placements by placing limits on the time for a birth parent to correct conditions in anticipation of reuniting with the child." N.J. Div. of Youth & Fam. Servs. v. C.S., 367 N.J. Super. 76, 111 (App. Div. 2004). As public policy increasingly focuses on a child's need for permanency, the emphasis has "shifted from protracted efforts for reunification with a birth parent to an expeditious, permanent placement to promote the child's well-being." Ibid. (citing N.J.S.A. 30:4C-11.1). That is because "[a] child cannot be held prisoner of the rights of others, even those of his or her parents.

Children have their own rights, including the right to a permanent, safe and stable placement." Ibid.

The question then is "whether the parent can become fit in time to meet the needs of the children." N.J. Div. of Youth & Fam. Servs. v. F.M., 375 N.J. Super. 235, 263 (App. Div. 2005); see also N.J. Div. of Youth & Fam. Servs. v. P.P., 180 N.J. 494, 512 (2004) (indicating that even if a parent is trying to change, a child cannot wait indefinitely). After carefully considering the evidence, Judge Hanlon-Schron reasonably determined that defendant was unable to parent K.L.D. and would not be able to do so for the foreseeable future. Under those circumstances, we agree with the judge that any further delay of permanent placement would not be in the child's best interests.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3437-22